IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| RONDA KAREN FARLEY, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 04-3403-CV-S-ODS |
| BANK ONE, DELAWARE, N.A., | ) |
| Defendant. | ) |

ORDER DENYING PARTIES' CROSS MOTIONS FOR SUMMARY JUDGMENT

  Pending are cross motions for summary judgment. Both motions (Doc. # 28 & Doc. # 30) are denied.

  The record reveals the following undisputed facts. On or about September 22, 2003, Plaintiff submitted an application for Family/Medical Leave on a form prepared by Defendant. She answered "yes" to the question "Will this leave be taken on an intermittent (non-continuous) time or reduced schedule?" On or about September 11, 2003, Plaintiff's physician (Dr. Scott Ellis) completed a Certification of Health Care Provider indicating (1) Plaintiff had a period of incapacity of more than three consecutive work days that involved treatment by a health care provider and (2) Plaintiff also had a chronic condition that would require periodic treatment over an extended period of time. One of Plaintiff's conditions – diabetes – was specifically listed on the form as an example of the latter category. Dr. Ellis also indicated Plaintiff suffered from "depression with severe anxiety."

  On or about September 15, 2003, Defendant issued a letter to Plaintiff approving "intermittent leave" and confirming that "[a]ny necessary intermittent FML absences from work from 8/13/2003 through 2/13/2004 will be approved and will be counted towards an FML to which you are entitled under the Bank One FML Policy and the Medical Leave Act of 1993." The letter also states Plaintiff had already used 110 hours of FMLA leave and had 370 hours remaining. Plaintiff remained off work until she was

terminated on November 12, 2003.  Between September 15 and November 12, Plaintiff used 350 hours of FMLA time.

Meanwhile, because Plaintiff had missed more than five days of work, near the end of September Defendant opened a short term disability file for Plaintiff and sent Dr. Ellis a Health Care Provider Medical Certification.[1]  Dr. Ellis' testimony strongly suggests a cover letter or some other material elaborating on the form's purpose and the eligibility requirements accompanied the form when it was sent to him, see, e.g., Ellis Dep. at 125-26, but no such material appears in the record.  In response to questions ten through twelve, Dr. Ellis indicated Plaintiff was physically unable to work on September 2, 2003, was released to return to work on September 8, 2003, and had no job restrictions.  Question 15 asks virtually the same questions as did the Certification of Health Care Provider Dr. Ellis filled out in mid-September, and his answers were identical.  Question twenty asked the doctor "if the condition is a chronic condition or pregnancy, state whether the patient is presently incapacitated and the likely duration and frequency of episodes of incapacity."  In response, Dr. Ellis wrote: "pt states she's depressed and that's why she hasn't returned to work - see answer #25 - no physical reason at this time." (The form does not contain a question #25 – or at least, there isn't one in the record).

As indicated earlier, Plaintiff was terminated on November 12, 2003.  Defendant issued a service letter on March 11, 2004, indicating Plaintiff was terminated due to "unexcused absences after you were released to return to work on 9/8/2003 with no job restrictions following a short-term disability leave of absence."

Defendant argues it is entitled to summary judgment because Dr. Ellis indicated Plaintiff could have returned to work on September 8, 2003 and thereby changed the opinions he expressed in his September 11 certification.  This is not a fair

---

[1]The following statement appears at the bottom of the first page of the form: "This information will be used only for determining the employee's eligibility for Short Term Disability, if applicable."  Plaintiff argues this precludes Defendant from relying on anything on the form to make FMLA decisions.  Plaintiff does not identify, and the Court is unaware of, any evidentiary rule or provision of the FMLA that supports Plaintiff's position.

2

characterization of the record and may not be credited by a jury. Particularly telling is the fact that the second form included the questions from the first form, and Dr. Ellis provided the same answers on both forms. At best, the second form could be described as casting doubt (but not contradicting) Dr. Ellis' initial statements, which did not justify Defendant's unilateral interpretation to its advantage.

Defendant's interpretation is also contrary to the concept of the intermittent leave granted to Plaintiff. Intermittent leave is designed to allow an employee to visit a doctor for diagnosis and treatment on a continuing basis to treat an ongoing condition, even if the employee works in between those visits. E.g., Caldwell v. Holland of TX, Inc., 208 F.3d 671, 676 (8th Cir. 2000). An employee can both (1) be capable of working on a particular day and (2) entitled to intermittent leave. Admittedly, Plaintiff cannot seriously contend she was using intermittent leave daily for a period of several months, and it may be that Plaintiff was abusing the leave she was granted. However, this is not the reason Plaintiff was terminated, so the Court cannot conclude Defendant is entitled to judgment as a matter of law.

Plaintiff is not entitled to summary judgment either. Considering the forms' combined meanings, it appears Dr. Ellis was describing two different time periods. During the first period, from September 2 through September 8, Plaintiff was physically unable to work, and Dr. Ellis' answers on the first page of the short-term disability form were intended to address only this period of time. Ellis Dep. at 124-26. Thereafter, Dr. Ellis indicated Plaintiff would occasionally require time off work to see a doctor for treatment. He may or may not have indicated Plaintiff would have to miss work due to depression – and this uncertainty gives rise to the Court's decision.

Plaintiff was not missing work intermittently to obtain treatment; she missed work continuously until she was fired. If she was not abusing the leave she had been granted, it was only because she was entitled to use FMLA leave while she was too depressed to work – but the record does not conclusively establish this to be the case. Therefore, the Court cannot say Plaintiff is entitled to judgment as a matter of law.

The remaining issues, including specifically (1) whether Plaintiff had actually utilized all of her FMLA time before she was terminated and (2) whether Plaintiff

mitigated her damages are subject to factual disputes that preclude entry of summary judgment.

     Both parties' motions for summary judgment are denied.

IT IS SO ORDERED.

|  |  |
|---|---|
|  | /s/ Ortrie D. Smith |
|  | ORTRIE D. SMITH, JUDGE |
| DATE: January 5, 2006 | UNITED STATES DISTRICT COURT |